New Jersey Department of Labor,
Workmen's Compensation Bureau.

HARRY E. SUTTON, PETITIONER, v. WHITE WAY TOURS, INCORPORATED, RESPONDENT.

For the petitioner, *Samuel Morris.*

For the respondent, *Morris Y. Cole.*

*    *    *    *    *    *    *

The petitioner, Harry E. Sutton, was employed by the respondent as one of its bus drivers and was paid a certain sum for each trip which he made. Sometimes he was paid $2 per trip, and at other times he was paid slightly more. His average wage was $28 per week.

On September 7th, 1928, the petitioner reported for work and was ordered by Mr. Walsh, the company's traffic manager, to procure from Royal Brothers garage, located on Baltic avenue, between Pennsylvania and North Carolina avenues, Atlantic City, New Jersey, one of the company's buses, which had been repaired. Procuring said bus was within the scope of his employment.

At the time of this request, a truck owned by Bell & Thomas, and operated by the petitioner's boy friend, Arthur

Burroughs, was standing near the company's office and the petitioner asked Mr. Walsh for permission to be driven by Burroughs to the garage, also stating to Walsh that Burroughs would first perform an errand and then take him to the garage. Mr. Walsh nodded his assent.

The petitioner then entered the truck, and at New Jersey and Mediterranean avenues, the said truck collided with another automobile, seriously injuring and bruising the petitioner, causing a temporary disability for twenty-seven and three-sevenths weeks. The doctor's bill amounted to $250, and the hospital bill amounted to $40.

The respondent denied liability, alleging that the petitioner was not performing any duty connected with his employment; that he was, at the time of the injury, riding in an automobile of Bell & Thomas, not connected with the respondent's business and without the knowledge, consent or approval of the respondent.

Much of the merit of this case devolves upon whether or not the petitioner secured authorization from his superior to go for the bus which he was going to use that day. Mr. Walsh distinctly and positively stated that Sutton did not call to him as he stood up on the boardwalk. Despite this repeated declaration, at another point in his testimony, Walsh claimed that Sutton said that he was going to ride with Burroughs.

Sutton's testimony regarding this phase of the case is corroborated by other witnesses.

I am therefore convinced that Sutton did have authority from his superior to go for the bus which was in the garage for repairs.

The respondent denied that the petitioner was injured during the course of his employment because he was not actually engaged in a sight-seeing or transportation trip, but was merely going to the repair shop for one of the company's buses.

The respondent also contends that the petitioner was not injured during the course of his employment because he was receiving no money for going for the bus, he being paid piece work, to wit, a certain sum for each certain trip.

■■■■■■■■■■■■

Since the petitioner was, with his master's permission and authority, going for the bus in question, it is clear that he was performing a service for the benefit of his master, and in his master's interest. He was not engaged in a mission for his own pleasure.

This is analogous to circumstances where a factory hand employed at piece work receives an injury while oiling his employer's machine, preparatory to the operation of same. Certainly it could not be contended that because the hand was not actually engaged in the manufacture of the article, but was merely oiling the machine, that he would not be entitled to compensation for an injury sustained thereby.

\*     \*     \*     \*     \*     \*     \*

W. E. STUBBS,
*Deputy Commissioner.*